IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, etc., )
)
        Plaintiff, )
)
  v. )  No. 13 C 521
)
MARGARITO DIONICIO, et al., )
etc., )
)
        Defendants. )

## MEMORANDUM ORDER

    Margarito and Silvana Dionicio (collectively "Dionicios") have sought, and on March 25 were granted, an extension of time to file their Answer, Affirmative Defenses and Counterclaims in this mortgage foreclosure action in which they are the mortgagor defendants. This memorandum order is issued sua sponte because the tendered form of responsive pleading is problematic in a number of respects.

    First, Dionicios' counsel has failed to comply with this District Court's LR 10.1, which requires that a responding party precede each answering paragraph with a statement of the complaint allegation to which the response is directed (most frequently defense counsel comply with that requirement by copying the complaint's paragraph verbatim, then providing the response to that paragraph). That requirement has as its obvious goal the enablement of readers (principally opposing counsel and the judge) to see just what allegations are or are not being

placed in issue without having to flip back and forth between two separate pleadings.

Because Dionicios' counsel must return to the drawing board, this memorandum order will go to identify some other problems with the Answer that must be corrected the next time around. This Court will not, however, require a do-over as to Dionicios' affirmative defenses ("ADs," about which something will be said later), or their counterclaims (as to which no views are expressed here).

To turn now to the Answer, the first matter that requires attention is counsel's inexplicable failure to conform to the straightforward language of the Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer, as to which counsel consistently states only that Dionicios "have insufficient personal knowledge to form a belief" as to allegations in the Complaint. That locution fails to assert that Dionicios lack enough <u>information</u> to form a belief--a meaningful and more demanding test (see also App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)).

Next, the Answer is chock-full of demands for "strict proof," whatever that may be--see App'x ¶1 to <u>State Farm</u>. That likely relic from some 19th century form book should be omitted from the repleading.

Finally, counsel's occasional nonresponse to a paragraph in

the Complaint on the premise that there is "nothing to deny" appears to be overused, for that is rarely the case. In his repleading counsel should pay particular heed to the Rule 8(b)(1)(B) requirement that all allegations must be responded to.

On the other hand, one aspect of Dionicios' pleading--in this instance its ADs--demands prompt attention from plaintiffs' counsel. Those ADs raise serious questions as to plaintiff's ability to pursue this foreclosure action. Consequently plaintiff's counsel must tender a submission responding to those ADs on or before April 12, 2013, the same date that Dionicios' Amended Answer must be filed.

Finally, no charge is to be made to Dionicios by their counsel for the added work and expense incurred in correcting counsel's errors. Dionicios' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 27, 2013